MORRIS SHEPPARD ARNOLD, Circuit Judge,
dissenting.
As the court notes, the decisions of the United States Supreme Court, and our own cases as well, erect numerous hurdles to a recovery by S.S. against these defendants. I pass over the difficulty of comprehending exactly what DeShaney requires when it speaks of distinguishing between acting and not acting, because I do not think that the complaint in this case lays out a ease for anything more than gross negligence on the defendants’ part. The court, moreover, does not explain why the defendants’ deliberate indifference would render them liable, or, indeed, what the difference between gross negligence and deliberate indifference might be. Finally, although what the defendants are said to have done here may be grossly negligent, I cannot say that their acts shock the conscience in the constitutional sense. At most, the defendants exposed S.S.to a risk of personal and physical harm. If this is enough to make out a due process claim, then I cannot see how any complaint that alleges facts amounting to gross negligence or recklessness can ever fail to survive a motion to dismiss.
I therefore respectfully dissent from the court’s holding in this case.